IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL AMAYA, R72828, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| KIMBERLY BUTLER, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) |
| Defendants. | |

Case No. 16-cv-1390-SMY

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Amaya, an inmate housed at Pinckneyville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was formerly housed at Menard Correctional Center ("Menard") and his claims relate to his time at Menard. He claims that on or about April 1, 2016, his constitutional rights were violated during a strip search and cell shake down conducted by members of the Orange Crush tactical team (the "shake down"). In connection with these claims, Plaintiff has named Kimberly Butler (Menard's former warden), John Doe 1 (Chief of Operations for IDOC) and John Doe 2 (unknown Orange Crush officer).

The First Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The First Amended Complaint**

According to the First Amended Complaint, on April 1, 2016, members of the Orange Crush tactical team conducted a shakedown at Menard (in particular, Plaintiff references cell 20, gallery 10 in the east cell house). (Doc. 12, p. 3). According to Plaintiff, John Doe 2 sexually assaulted him during the shakedown. *Id.* Specifically, Plaintiff alleges that John Doe 2 subjected him to a strip search. (Doc. 12, p. 4). During the strip search, John Doe 2 ordered Plaintiff to bend over and proceeded to blow air from his mouth into Plaintiff's exposed rectum. *Id.* Plaintiff objected and John Doe 2 told him to "shut the fuck up." *Id.*

John Doe 2 then ordered Plaintiff to put on his "blues" (blue pants and blue shirt). *Id.* However, Plaintiff was not permitted to wear any "whites" (underwear). *Id.* Plaintiff was handcuffed behind his back. *Id.* The handcuffs were so tight they dug into Plaintiff's skin and

2

left bloody marks on his wrists. *Id.* Plaintiff asked John Doe 2 to loosen the handcuffs and was told to "shut the fuck up." *Id.*

Plaintiff was ordered out of his cell and lined up with other inmates. *Id.* At some point, John Doe 2 stopped to tuck Plaintiff's shirt into his pants. (Doc. 12, pp. 4-5). As he was tucking Plaintiff's shirt in, John Doe 2 grabbed Plaintiff's penis and buttocks saying things like "eyes down head down," "easy access," and "fuzzy wuzzy." (Doc. 12, p. 5).

The Orange Crush tactical unit paraded the inmates from their cells to the prison chapel. *Id.* The inmates were ordered to stand in such a way that their genitals were in direct contact with the buttocks of the inmate ahead of them. *Id.* During this time, Orange Crush officers yelled at the inmates to keep their heads and eyes down. *Id.* Plaintiff was also ordered to maintain a "stress position" for an unknown period of time. *Id.*

When Plaintiff returned to his cell, all of his personal items were in disarray. (Doc. 12, pp. 5-6). He was provided with a shakedown slip. (Doc. 1, p. 6). However, the shakedown slip did not include an accurate account of things that were taken and was not associated with any particular officer. *Id.* Plaintiff believes the shakedown slips were purposely vague to conceal the Orange Crush officers' identities. *Id.*

Plaintiff alleges that John Doe 2 executed the shakedown on April 1, 2016 pursuant to a policy or practice implemented and overseen by Butler and John Doe 1. (Doc. 12, pp. 8-9). He asserts that Defendants engaged in a conspiracy to violate his constitutional rights and to cover up the violation. (Doc. 12, pp. 7-10). Plaintiff also alleges that Butler and John Doe 1 were aware of prior similar instances of abuse conducted by Orange Crush officers and nonetheless, failed to intervene to keep the officers from abusing inmates. (Doc. 12, pp. 11-12).

Finally, Plaintiff asserts that the shakedown constitutes the intentional infliction of emotional distress. (Doc. 12, pp. 12-14).

## Discussion

**Preliminary Comment**

The Court will begin with a preliminary note concerning the handling of certain Orange Crush cases in the Southern District of Illinois. Plaintiff's Complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Plaintiff's claims, however, are outside of the time frame of the claims at issue in *Ross*. Accordingly, Plaintiff's action will not be consolidated with the *Ross* action. Nonetheless, the Court is mindful of the *Ross* action in evaluating Plaintiff's First Amended Complaint.

**1915A Merits Review**

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice.

**COUNT 1 -** Eighth Amendment claim against John Doe 2 for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown and related actions on April 1, 2016.

**COUNT 2** - Eighth Amendment claim against Butler and John Doe 1 for condoning and/or approving the Orange Crush Tactical Team's policies, practices or customs and

for failing to intervene and stop the deprivation of Plaintiff's constitutional rights on April 1, 2016.

**COUNT 3** - Intentional infliction of emotional distress under Illinois state law against John Doe 1, John Doe 2 and Butler in connection with the strip search, shakedown and related actions on April 1, 2016.

**COUNT 4** - Conspiracy under 42 U.S.C. § 1983, in that John Doe 1, John Doe 2 and Butler agreed to deprive Plaintiff of his constitutional rights and protect one another from liability in connection with the strip search, shakedown and related actions on April 1, 2016.

**Count 1**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST., amend. VIII. It is applicable to the states through the Fourteenth Amendment. The intentional use of excessive force by prison guards against an inmate without penological justification violates the proscription against cruel and unusual punishment under the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

When considering whether the allegations in a prisoner's Complaint state an excessive force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Davis v. Wessel*, 792 F.3d 793, 804 (7th Cir. 2015) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). When a Complaint implicates an excessive force claim, it is typically in the context of "rough or otherwise improper handling that causes excessive pain or other harm." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). However, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can [also] violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Id.* at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Calhoun v. DeTella*,

319 F.3d 936, 939-40 (7th Cir. 2003); *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schneider*, 105 F.3d 857, 860-61 (2d Cir. 1997)). In fact, sexual offenses may involve no touching at all. *Washington*, 695 F.3d at 643.

Plaintiff's allegations as a whole suggest that John Doe 2 conducted the strip search and escort of Plaintiff in a manner meant to humiliate him, rather than to maintain order and discipline. Accordingly, Count 1 shall receive further review as to John Doe 2.

## Count 2

The Court will allow the related Eighth Amendment claim to proceed against Butler and John Doe 2, both of whom allegedly knew of and/or condoned the practices of the Orange Crush Tactical Team, including the strip search and cell shakedown that occurred on April 1, 2016. A defendant cannot be held liable under § 1983 under a theory of *respondeat superior*, or supervisory liability. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Rather, to be held liable, an "individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). However, "[s]upervisory liability will be found ... if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). The First Amended Complaint suggests that Butler and John Doe 1 approved John Doe 2's conduct. Therefore, Count 2 shall receive further review as to Butler and John Doe 1.

**Count 3**

Plaintiff also asserts a claim against John Doe 1, John Doe 2 and Butler for intentional infliction of emotional distress under Illinois law. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App.1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Plaintiff's allegations are sufficient to suggest that the conduct of Defendants was intended to and did cause him to suffer severe emotional distress. Accordingly, at this early stage, Plaintiff will be allowed to proceed on Count 3 as to all defendants.

**Count 4**

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). Generally, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date...." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Here, Plaintiff alleges that Defendants conspired to violate his rights under the Eighth Amendment and suggests that they worked together to cover up their misconduct. Accordingly, Count 4 survives threshold review.

**<u>Identification of Unknown Defendants</u>**

At this juncture, Plaintiff will be allowed to proceed with his claims against the John Doe defendants. However, these individuals must be identified with particularity before service of the First Amended Complaint can be made on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have an opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Plaintiff may use the discovery process to identify these defendants. *Id.*

The current warden of Menard, Jacqueline Lashbrook, will be added as a defendant, in her official capacity only, for the sole purpose of responding to discovery aimed at identifying

these individuals with specificity. Guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a Motion for Substitution of the properly identified individual in place of the generic designation in the case caption and throughout the Complaint.

## Disposition

The Clerk is **DIRECTED** to **ADD** Defendant **JACQUELINE LASHBROOK**, in her official capacity only, as a party to this action for the sole purpose of responding to discovery aimed at identifying the unknown parties with particularity.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **JOHN DOE 2**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **JOHN DOE 1** and **BUTLER**.

**IT IS FURTHER ORDERED** that **COUNTS 3** and **4** shall receive further review as to **JOHN DOE 1, JOHN DOE 2** and **BUTLER.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **BUTLER** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Service shall not be made on the unknown parties involved in this action until such time as Plaintiff has identified them by name in a properly filed Motion for Substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2017**

s/ STACI M. YANDLE
**Honorable Staci M. Yandle**
**United States District Judge**
