IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL AMAYA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.   16-cv-1390-RJD |
| ) | |
| KIMBERLY BUTER, et al., ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

   The Court held a discovery dispute conference in this matter on July 16, 2020. During the conference, the Court considered disputes that have arisen over the production of certain documents sought by Plaintiff from Defendants. The Court finds as follows as to each dispute:

**Request for Production No. 1**

   Plaintiff seeks any and all grievances from Menard Correctional Center filed about and concerning the Special Operations Response Team ("SORT") from dates before April 1, 2016, not to exceed three (3) years. Defendants object on the basis of relevancy and proportionality. Defendants remark that grievances are not maintained by topic and, as such, obtaining three years of grievances concerning a specific topic would be unduly burdensome. Defendants also express concern that grievances could potentially include medical or disciplinary information of other inmates.

   During the discovery dispute conference, Plaintiff argued the grievances are relevant to his claims against Warden Butler, and to a lesser extent, Michael Atchison, insofar as they would establish that Defendants had notice inmates complained about assaults committed by SORT and

Page **1** of **3**

that SORT did not wear identification badges so they could carry out assaults without being identified.

The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

Here, the relevancy of the grievances sought by Plaintiff is limited. Although the Court is mindful that there *may* be grievances setting forth issues with SORT similar to the issues in this lawsuit, and Butler *may* have reviewed said grievances, there is no certainty that any such

grievances exist. Given the speculative and limited relevance of the grievances sought, the Court finds the burden on Defendants to produce the same outweighs the needs of the request in this instance. Defendants' objection to this request is **SUSTAINED**.

**Request for Production No. 2**

Plaintiff seeks any and all grievances filed against Defendant John Burrows for sexual assault and/or sexual abuse which were found unsubstantiated or substantiated occurring on or before April 1, 2016, not to exceed three (3) years. Defendants object on the basis of relevancy and proportionality.

Defendants' objection is **SUSTAINED**. The relevancy of the grievances sought to be produced is limited in relation to any claim or defense in this matter and, the Court notes there is some indication that Plaintiff is not confident Burrows was properly identified as the officer who conducted the strip search at issue. Further, the Court finds the relevancy of any such grievances is outweighed by the burden on Defendants to produce the same.

**IT IS SO ORDERED.**

**DATED: July 31, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**