IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL AMAYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   16-cv-1390-RJD |
| ) | |
| KIMBERLY BUTER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

The Court held a discovery dispute conference in this matter on September 28, 2020 concerning Defendants' first supplemental response and objection to Plaintiff's second supplemental request for production of documents.

The request at issue seeks "[a]ny and all Internal Affairs investigations at Menard Correctional Center about and concerning a grievance/complaint by a prisoner against Special Operations Response Team ("SORT") officer(s) during a SORT shakedown at Menard Correctional Center (such as the one that occurred on April 1, 2016), where the prisoner could not identify the particular SORT officer(s) who committed the alleged offense from any dates between April 1, 2014 to March 30, 2016.

Defendants objected to the request on the basis of relevancy, breadth, and proportionality. Defendants also assert that the reports sought are not maintained by topic and, as such, a search would be unduly burdensome.  Defendants also indicate that incident reports and internal affairs reports may include medical and/or disciplinary information regarding other inmates.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  In consideration of the relevant factors included in Rule 26(b)(1), the Court finds the discovery sought by Plaintiff is relevant to his claims, particularly those set forth in Count Two of the Third Amended Complaint.  Although the Court acknowledges the IDOC's record system as it relates to Internal Affairs investigations does not lend itself to an effortless search, such concern does not lie with the Court or Plaintiff, particularly because Plaintiff has appropriately limited the scope of the search to just two years.  Accordingly, Defendants' objections are **OVERRULED** and Defendants shall produce documents of internal affairs investigations concerning shakedowns conducted by SORT indicating the inmate could not identify the SORT officer by name.  Defendants shall produce these documents by **October 29, 2020**.  Defendants shall redact such documents where appropriate.  If Plaintiff believes the redactions are inappropriate, he should notify the Court.

In light of this Order, the discovery and dispositive motion deadlines are **VACATED**. This matter is set for a status conference on **November 5, 2020 at 9:30 a.m.**  The parties should call Judge Daly's conference line at 618-439-7731 to join the call.  The purpose of the call is to discuss the entry of an amended scheduling order.

**IT IS SO ORDERED.**

**DATED: September 29, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**